1  **MCGUIREWOODS LLP**
   ALICIA A. BAIARDO SBN #254228
2  Two Embarcadero Center, Suite 1300
   San Francisco, CA 94111
3  Telephone: 415.844.9944
   Facsimile: 415.844.9922
4  abaiardo@mcguirewoods.com

5  PIPER A. WALDRON SBN #291482
   1800 Century Park East, 8th Floor
6  Los Angeles, CA 90067
   Telephone: 310.315.8200
7  Facsimile: 310.315.8210
   pwaldron@mcguirewoods.com
8
   Attorneys for Plaintiff, MG CH4, LLC
9
                  **UNITED STATES DISTRICT COURT**
10
              **FOR THE EASTERN DISTRICT OF CALIFORNIA**
11

12 
   MG CH4, LLC, a Virginia limited liability     CASE NO. **2:18-CV 01255 TLN CKD**
13 company,

14            Plaintiff,                          **PLAINTIFF MG CH4 LLC'S EX PARTE
                                                  REQUEST TO SEAL DOCUMENTS**
15       v.

16 RAY BREWER, an individual; CH4 POWER,
   INC., a Wyoming corporation; CALIFORNIA
17 DAIRY ENGERY 4, LLC, aka CDE4, LLC, a
   Delaware corporation; CH4 BIOENERGY,
18 LLC, a California limited liability company;
   CH4 ENGINEERING AND
19 CONSTRUCTION, LLC, a California limited
   liability company; CH4 BIOENERGY
20 HOLDINGS, LLC, a Delaware limited
   liability company; WILLIAM J. CROCK, JR.,
21 an individual; VERNON E. LANDECK, an
   individual; GIOLDEN BIOGAS, LLC, a
22 Delaware limited liability company,

23            Defendants.

24

25

26

27

28

FILED MAY 16 2018 CLERK, U.S. DISTRICT COURT EASTERN DISTRICT OF CALIFORNIA BY DEPUTY CLERK

By Fax

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Pursuant to Local Rule 141, Plaintiff MG CH4, LLC ("Plaintiff") applies ex parte to request an order filing under seal the following documents: (1) Plaintiff's Complaint, attached as **Exhibit A** hereto ("Complaint"); (2) Plaintiff's Ex Parte Application for Right to Attach Order and Writ of Attachment, attached as **Exhibit B** hereto ("Ex Parte RTAO"); and (3) Plaintiff's Request for Judicial Notice in support of Ex Parte Application for Right to Attach Order and Writ of Attachment ("RJN"), attached as **Exhibit C** hereto, all of which are also filed concurrently herewith. The Complaint contains a request, pursuant to Federal Rule of Civil Procedure 64 and by extension Code of Civil Procedure section 482.050 which Rule 64 incorporates, that the subject proceedings not be made available to the public before either (1) 30 days after the filing of the Complaint; or (2) the return of service of the notice of hearing and any temporary protective order, or the writ of attachment if issued without notice.

In addition to filing the Complaint, Plaintiff has also filed the Ex Parte RTAO against Defendants Ray Brewer ("Brewer"), CDE4, LLC ("CDE4"), CH4 Power, Inc. ("CH4 Power") and Golden Biogas, LLC ("GB") (collectively, "Defendants"). The Ex Parte RTAO arises out of fears that, given Defendants' history of fraud and deception, they will immediately transfer, hide, sell, refinance, or otherwise dissipate any property or assets before an attachment order can be entered. Given these fears, it would undermine the purpose of the Ex Parte RTAO if it were publically disclosed. Accordingly, Plaintiff brings the instant ex parte application, requesting that the Court seal not only the Complaint but also the Ex Parte RTAO.[1] As discussed herein, good cause exists to seal these documents and the instant ex parte application should be granted.

## II. LEGAL AUTHORITY

The rules that govern motions to file documents under seal are found in Eastern District

---

[1] Plaintiff also includes, in an abundance of caution, a request to seal its Request for Judicial Notice in support of the Ex Parte RTAO, for the same reasons justifying the sealing of the other requested documents.

Local Rule 141: "Documents may be sealed only by written order of the Court, upon the showing required by applicable law." In evaluating a request to seal documents, the district court must "weigh[] the interests advanced by the parties in the light of the public interest and the duty of the courts." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 602 (1978). For materials unrelated to dispositive motions, the requesting party must show good cause for filing documents under seal. *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010). The good cause standard requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Finjan, Inc. v. Proofpoint, Inc.*, 2015 WL 9023164, at *1 (N.D. Cal. Dec. 16, 2015). Additionally, Federal Rule of Civil Procedure 5.2(d) allows the Court to file a document under seal without redaction.

Federal Rule of Civil Procedure 64 incorporates the underlying state law's remedies for seizing funds to secure satisfaction of a potential judgment. Fed. R. Civ. Proc. 64; *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70* (1974) 415 U.S. 423, 423-437, fn. 10; *Reebok International Ltd. v. Marnatech Enterprises, Inc.*, 970 F. 2d 552 (9th Cir. 1992); *S&G Press, Inc. v. Harris Graphics Corp.*, 718 F. Supp. 1459, 1460 (N.D. Cal. 1989). Thus, the provisional remedies available under California law are applicable in this action including California Code of Civil Procedure ("CCP") section 482.050.

CCP section 482.050 provides that where a plaintiff requests in writing at the time of filing the complaint, the clerk "shall not make available to the public the records and documents in such action before either (1) 30 days after the filing of the complaint or (2) the filing pursuant to this title of the return of service of the notice of hearing and any temporary protective order, or of the writ of attachment if issued without notice, whichever event occurs first." Code Civ. Proc. § 482.050(a). A stamp on the face of the complaint is sufficient to invoke this statute. *Id.* at § 482.050(c).

### III. GOOD CAUSE EXISTS FOR THE INSTANT REQUEST TO SEAL DOCUMENTS

In determining whether to grant a request to seal documents, the district court must "weigh[] the interests advanced by the parties in the light of the public interest and the duty of the courts." *Nixon*, 435 U.S. at 602. For materials unrelated to dispositive motions, which is the case

1  here, the requesting party must show good cause for filing documents under seal. *Pintos*, 605 F.3d
2  at 678. Good cause requires a "particularized showing" that "specific prejudice or harm will
3  result" if the information is disclosed. *Finjan, Inc.*, 2015 WL 9023164, at *1 (N.D. Cal. Dec. 16,
4  2015).

5       Here, by way of the Ex Parte RTAO, Plaintiff seeks attachment in order to recover on the
6  claims asserted in the Complaint. Plaintiff is concerned that Defendants will hide assets to avoid
7  their obligations under the Operating Agreement and Addendum that forms the basis of Plaintiff's
8  claims. Specifically, there is substantial danger that the property sought to be attached, including
9  certain bank accounts held by Brewer, CDE4, and GB, that hold the money owed to Plaintiff, will
10 most likely be concealed, substantially impaired in value, wholly dissipated, or otherwise made
11 unavailable to levy if a noticed hearing were required and the funds were disbursed prior to such
12 hearing and disposition. Federal law and by extension California law that it incorporates
13 authorizes the delayed disclosure of this information. Fed. R. Civ. Proc. 64; Code Civ. Proc. §
14 482.050. Defendants have already wrongfully taken over $5 million from Plaintiff. If Defendants
15 become aware that Plaintiff has filed a Complaint, and especially if Defendants become aware that
16 Plaintiff has filed the Ex Parte RTAO or RJN, Plaintiff believes that Defendants will be motivated
17 to continue to avoid their contractual obligations by moving assets beyond the reach of Plaintiff
18 and this Court. If Plaintiff's Complaint, Ex Parte RTAO, or RJN are made publicly available at
19 this point, given Defendants' conduct to date, Plaintiff anticipates that Defendants will move their
20 assets and Plaintiff will be prejudiced and harmed as a result.

21      Furthermore, Plaintiff's request to seal should be granted because it is narrowly tailored to
22 cover only the documents for which good cause for filing under seal exists, namely, the
23 Complaint, the Ex Parte RTAO, and the RJN.

24 **IV.   CONCLUSION**

25      Based on the foregoing and in accordance with Local Rule 141, Plaintiff respectfully
26 requests that this Court grant this ex parte request to file the Complaint, Ex Parte RTAO, and RJN
27 in support of Ex Parte RTAO under seal. Plaintiff requests, pursuant to Code of Civil Procedure §
28 482.050 and FRCP 64, that the documents which are the subject of this application not be made

Case 2:18-cv-01255-TLN-CKD   Document 1   Filed 05/16/18   Page 5 of 5

available to the public before either (1) 30 days after the filing of the complaint; or (2) the return of service of the notice of hearing and any temporary protective order, or the writ of attachment if issued without notice.

Dated: May 16, 2018

                              Respectfully submitted,

                              **MCGUIREWOODS LLP**

By: _/s/ Alicia Baiardo_
Alicia A. Baiardo
Piper A. Waldron
Attorneys for Plaintiff MG CH4, LLC

PLAINTIFF'S EX PARTE REQUEST TO SEAL DOCUMENTS