UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MG CH4, LLC, a Virginia limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>RAY BREWER, an individual; CH4 POWER INC., a Wyoming corporation; CALIFORNIA DAIRY ENERGY 4, LLC, aka CDE4, LLC, a Delaware corporation; CH4 BIOENERGY, LLC, a California limited liability company; CH4 ENGINEERING AND CONSTRUCTION, LLC, a California limited liability company; CH4 BIOENERGY HOLDINGS, LLC, a Delaware limited liability company; WILLIAM J CROCK, JR., an individual; VERNON E. LANDECK, an individual; and GIOLDEN BIOGAS, LLC, a Delaware limited liability company,<br><br>Defendants. | No. 2:18-cv-01255-TLN-CKD<br><br>**ORDER DENYING PLAINTIFF'S *EX PARTE* REQUEST TO SEAL DOCUMENTS** |

This matter is before the Court on Plaintiff MG CH4, LLC's ("Plaintiff") *ex parte* request to seal the complaint, ex parte writ of attachment, and request for judicial notice in support of the writ of attachment.[1] Plaintiff seeks to seal the complaint, request for writ of attachment and

---

[1] This matter has not yet been assigned Electronic Case Filing document numbers because of the *ex parte*

1

accompanying documents under California Code of Civil Procedure § 482.050 as applied through Federal Rule of Civil Procedure 64 ("Rule 64"). (Request to Seal at 3.)

Rule 64 allows that "[a]t the commencement of and through an action, every remedy is available that, under the law of the state where the court is located, provides for seizing . . . property to secure satisfaction of the potential judgment." Fed. R. Civ. P. 64(a). California Code of Civil Procedure § 482.050 provides in relevant part "if the plaintiff so requests in writing at the time he files his complaint, the clerk of the court . . . shall not make available to the public the records and documents in such action before either (1) 30 days after the filing of the complaint or (2) the filing pursuant to this title of the return of service of the notice of hearing and any temporary protective order, or of the writ of attachment if issued without notice, whichever event occurs first." Cal. Code Civ. P. § 482.050(a).

As an initial matter, the Court is not convinced § 482.050 is a remedy within the meaning of Rule 64. Rule 64(b) includes the following remedies: arrest, attachment, garnishment, replevin, sequestration, and "other corresponding and equivalent remedies." Attachment is permitted under § 484.010. Cal. Code Civ. P. §484.010. This is evidenced by Plaintiff seeking attachment under § 484.010 in its *ex parte* application for writ of attachment filed concurrently with its request to seal. In contrast, § 482.050 permits a court to temporarily seal a case when requested in attachment matters. Section 482.050 is not what the Court would customarily consider a remedy. However, the Court need not determine if § 482.050 is a remedy within the meaning of Rule 64. Even if § 482.050 creates a remedy, Plaintiff applies federal law to demonstrate the showing a party needs to make in order to seal documents. The Court agrees that the federal law governs what burden Plaintiff must meet.

Ninth Circuit precedent recognizes a strong common law presumption in favor of public access to court records. *See, e.g.*, *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). Defendants bear the burden of overcoming this presumption by demonstrating there is a "compelling reason" for sealing the requested items. *Kamakana v. City & Cty. of*

---

request to seal. To place the documents on the electronic court system would have the effect of denying the seal without review. Accordingly, when citing to the request, the Court will cite generally to the Request to Seal and the page number on which the information is found.

*Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). "To seal the records, the district court must articulate a factual basis for *each compelling reason* to seal." *In re Midland Nat. Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012) (emphasis added). Moreover, the Ninth Circuit recently recognized a "qualified First Amendment right of access" to civil proceedings. *Courthouse News Service v. Planet*, 750 F.3d 776, 785–87 (9th Cir. 2014).

      Plaintiff seeks to seal the complaint and other documents because it is concerned Defendants will attempt to "hide assets to avoid their obligations under the Operating Agreement and Addendum that forms the basis of Plaintiff's claims." (Request to Seal at 4.) Plaintiff does not offer any support for this argument or cite to any part of the complaint or request for writ of attachment that would allow this Court to find Plaintiff's reason compelling. Simply put, there is an inherent risk in any litigation that the losing party may try and hide or get rid of assets to avoid paying damages. Plaintiff's statement that "Defendants have already wrongfully taken over $5 million from Plaintiff" is not enough to turn Plaintiff's fears into a compelling reason to seal. (Request to Seal at 4.) Additionally, the Court finds it hard to believe Plaintiff would suffer prejudice or harm if the documents at issue are not sealed. Plaintiff cites no cases stating the possibility of Defendants hiding assets would harm or prejudice Plaintiff, especially as the Court indicates the possibility is inherent in every lawsuit. Finally, Plaintiff has not shown that the request is narrowly tailored. In fact, Plaintiff essentially admits that the request is not narrowly tailored by using the following language as to the request to seal: "includes, *in an abundance of caution*, a request to seal its Request for Judicial Notice in support of the [Ex parte Application for Writ of Attachment.]" (Request to Seal at 2 n.1.) Language such as "in an abundance of caution" does not demonstrate the request is narrowly tailored. Instead, such language speaks to a lack of information, a hedging of sorts, or Plaintiff's failure to make every effort to ensure the Court would not seal more information than is necessary.

      For the reasons set forth above, Plaintiff has failed to meet its burden to demonstrate a compelling reason to seal the complaint, request for writ of attachment, and request for judicial notice. Accordingly, Plaintiff's *ex parte* request to seal is hereby DENIED. Plaintiff shall electronically file the complaint, request for writ of attachment, and request for judicial notice

3

with a file date of May 16, 2018.

IT IS SO ORDERED.

Dated: May 18, 2018

Troy L. Nunley
United States District Judge